

# CT Corporation

**Service of Process Transmittal**
01/29/2020
CT Log Number 537087623

| | |
|---|---|
| **TO:** | KIM LUNDY SERVICE OF PROCESS<br>WALMART INC.<br>702 SW 8TH ST<br>BENTONVILLE, AR 72716-6209 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | WALMART INC. (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joseph Trevon, Pltf. vs. Walmart Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition |
| **COURT/AGENCY:** | 149th Judicial District Court Brazoria County, TX<br>Case # 106289CV |
| **NATURE OF ACTION:** | Summons and Complaint - Walmart's managers used false 4.17 criminal charges as a way to control Mr. Joseph and to prevent him from returning to work at their store where he was otherwise qualified to work and probably would have been re-hired to work |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/29/2020 postmarked on 01/27/2020 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Erik Andrew Knockaert<br>Schreiber \| Knockaert, PLLC<br>701 North Post Oak, Suite 325<br>Houston, TX 77024<br>281-949-8904 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/30/2020, Expected Purge Date: 02/04/2020<br><br>Image SOP<br><br>Email Notification, KIM LUNDY SERVICE OF PROCESS ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of 1 / DP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT A

U.S. POSTAGE PAID
FCM LETTER
ANGLETON, TX
77515
JAN 27, 20
AMOUNT
$7.25
R2304P118618-20

75201

1000

Courthouse Connection, LLC
945 McKinney St. #245
Houston, TX 77002

Walmart, Inc.
c/o C T Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201

7019 1640 0000 3571 3169

CAUSE NO. 106289-CV
149th District Court

THE STATE OF TEXAS                                                      CITATION

TO:   Walmart Inc.                                          Defendant
       By serving its Registered Agent
       CT Corporation System
       1999 Bryan St., Ste 900
       Dallas, TX 75201

NOTICE:

      You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. If filing Pro se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX 77515-4678 or by bringing said answer in person to the aforementioned address.

      The case is presently pending before the **149th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **6th day of January, 2020.** It bears Cause No. **106289-CV** and Styled:

**Trevon Joseph**
vs.
**Walmart, Inc.**

      The name and address of the Attorney filing this action (or Party, if Pro Se) is **Erik Andrew Knockaert, Schreiber I Knockaert, PLLC, 701 North Post Oak, Suite 235, Houston, TX 77024.**

      The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

      Issued under my hand and the seal of said Court, at Angleton, Texas, on the **21st day of January, 2020.**

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By _____, Deputy
        Jody Stutts

**SERVICE COPY**

Citation by Registered Agent

Service I.D. No. 171422

# RETURN OF SERVICE

CAUSE NO. 106289-CV    149th District Court

**TREVON JOSEPH**
**VS.**
**WALMART, INC.**

Walmart Inc.
By serving its Registered Agent
CT Corporation System
1999 Bryan St., Ste 900
Dallas, TX 75201

Came to hand on the _____ day of _____, 20___ at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this CITATION with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to-wit:

NAME        DATE    TIME    PLACE, COURSE, AND DISTANCE FROM COURTHOUSE    MILEAGE
_____
_____
_____

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____

_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy                $_____        _____, Officer
Mileage: _____ miles @ $_____ per mile $_____        _____ County, Texas
Total                                    $_____        _____
                                                           Deputy/Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
             (First, Middle, Last)
address is_____
             (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ____ day of _____, 20___.

                                        _____
                                        Declarant/Authorized Process Server

                                        _____
                                        (Id No. and expiration of certification)

SERVICE COPY

Citation by Registered Agent

Filed for Record
1/6/2020 7:50 AM
Rhonda Barchak, District Clerk
Brazoria County, Texas
106289-CV
Sunnye Wingo, Deputy

CAUSE NO. 106289-CV _____

| | | |
|---|---|---|
| **Trevon Joseph** | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| **Walmart Inc.** | § | |
| Defendant | § | |
| | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Trevon Joseph ("Plaintiff" or "Joseph") complaining of and against defendant Walmart Inc. ("Defendant" or "Walmart"), and would respectfully show this Honorable Court the following:

### I. Discovery

1.01. Plaintiff intends to conduct discovery in this matter pursuant to Level 2.

### II. Parties

2.01. Plaintiff Trevon Joseph is a resident of Brazoria County, Texas, who resides at 12325 Shadow Creek Pkwy Apt 11209, Pearland, TX 77584.

2.02 Defendant, Walmart Inc. operates a store in Brazoria County, Texas at 10505 Broadway St, Pearland, Texas 77584. Walmart Inc.'s corporate address is 702 SW 8th Street, Dept 8687 #0555, Bentonville, AR 72716-0555. Walmart can be served through its registered agent in Texas: C T Corporation System, 1999 Bryan St. Ste 900, Dallas, TX 75201-3136. Walmart was previously the employer of Mr. Joseph.

1

### III. Jurisdiction and Venue

3.01   This court has jurisdiction over the claims and controversy because the amount in controversy exceeds the minimum jurisdictional limits of this court.

3.02   This case is properly brought in Brazoria County, Texas pursuant to Texas Civil Practices and Remedies Code § 15.002(a)(1) because Brazoria County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### IV. Facts

4.01   Plaintiff incorporates the preceding paragraphs as if fully stated herein. At this time, names are spelled on information-and-belief and pending confirmation in discovery.

4.02   Around 2017-2018, Trevon Joseph worked at the Walmart store located at 10505 Broadway St, Pearland, Texas 77584. Mr. Joseph was a hard worker, and it was noticed. One day, Mr. Joseph unloaded a truck much faster than other employees. A daytime manager was pleased with Mr. Joseph's work and asked him to work on day shifts instead of the night shifts he was then working.

4.03   Because Mr. Joseph was relatively new, some other Walmart employees were upset that he received preferred shifts during the daytime, when workers with more seniority did not. Two particular managers gave him a hard time about working during the daytime. A manager named Iqbal demanded that Mr. Joseph pick nightshifts. Another manager, Janine Vavrecka, yelled at Mr. Joseph and pounded on a table for his not working at night. Mr. Joseph was professional and continued working dayshifts as instructed, preferring to work for the manager who appreciated his efforts.

4.04   One day, Mr. Joseph came to work and found two Hispanic women crying in the

2

toy department because Iqbal had been mean to them. Mr. Joseph has a strong sense of justice and went to talk to Iqbal, letting him know that if he kept treating women poorly, Mr. Joseph would report it to corporate and to store upper management.

4.05 Ultimately, Mr. Joseph resigned from working at Walmart because he could not get days off when his wife was about to give birth to his son. However, he continued shopping at the same Walmart where he had worked and being friendly to people he knew there.

4.06 As Mr. Joseph shopped at Walmart, he shared with employees that he was considering coming back to work. On October 15, 2018, Mr. Joseph was shopping at the store. As Mr. Joseph checked out with his bags, he told the checkout person that he was going to go over to HR and ask about returning to work at Walmart.

4.07 As Mr. Joseph walked towards the greeter on the way to the HR office, a person believed to be Kimberly White – the store's loss prevention manager – walked up and grabbed his basket, shaking it and yelling at him. Ms. White shouted that she knew exactly who he was, and that he used to work there. She got in his face while being hyper-aggressive. Mr. Joseph, seeking to avoid the confrontation, stepped back, looked around, and saw a black lady who appeared to be a manager. He looked at the lady and pointed out that he couldn't reason with Ms. White, and stated that she could see that he didn't have anything other than things he had just purchased and that he would like to leave. He told the lady that they could either call the police or let him go. The lady said, OK, he could leave. Accordingly, Mr. Joseph left and decided not to apply to go back to work at Walmart.

4.08 Unbeknownst to Mr. Joseph, after he left the store, Walmart filed a police complaint for armed robbery. The Investigation Report stated that Janine Vavrecka was involved, the same

3

manager who had screamed and pounded a table at Mr. Joseph for working dayshifts. The investigation report claims that Mr. Joseph had his pants stuffed with six boxes of Christmas lights and a tube of Crest toothpaste, with a total value of $32.10. This false allegation of shoplifting was not severe enough for Walmart. Walmart escalated the accusation to armed robbery by claiming Mr. Joseph "stated he had something in his pocket that he did not want to have to use on her."

4.09  The Investigation Report states that Walmart also submitted three photographs of Mr. Joseph. However, the photographs were of nothing but Mr. Joseph walking. They did not corroborate Walmart's false allegations. Moreover, these photographs were not shown to Mr. Joseph until the day of the trial. They appeared to be still images from surveillance video, proving that Walmart had either hidden or destroyed video evidence from the day in question.

4.10  On October 15, 2018, Mr. Joseph had no idea Walmart had filed a police complaint against him, much less that it was for a serious felony of armed robbery. Accordingly, Mr. Joseph continued shopping at the store.

4.11  On or about October 25, 2018, Mr. Joseph was shopping at the same Pearland, Texas Walmart. He saw Iqbal in the store look at him and pull out a phone to make a call. Mr. Joseph made his purchases and left the store. As he got in his car to leave, a policeman followed him and pulled him over. The policeman said he had been reported for shoplifting and asked if he could check Mr. Joseph's bags. Mr. Joseph gave permission, since he had nothing to hide, and the police officer verified that the contents of the bags matched the receipt. It turned out that Walmart had made another false allegation of a crime against Mr. Joseph. The police officer would have let Mr. Joseph go, except that he found the outstanding warrant for the alleged armed robbery from

4

October 15, 2018. Mr. Joseph was then arrested for armed robbery and taken to jail.

4.12 The impact of the false charges of armed robbery is impossible to understate. Mr. Joseph was arrested in front of his family members for a crime he did not commit. He had a wife with a baby, who were relying on him to be a provider, which he now could not be. Mr. Joseph and his family were terrified he would go to prison for things he had never done. Mr. Joseph was taken to jail, and bail was set at $20,000. Mr. Joseph spent thousands of dollars obtaining a bond and then hiring an attorney to defend him. His vehicle was repossessed because he could not make payments. Moreover, Mr. Joseph could not work during the time an aggravated robbery charge was pending against him.

4.13 Aggravated robbery is a first-degree felony with a sentence of 5-99 years and $10,000 fine. *See* Texas Penal Code §29.03 and §12.32. As Mr. Joseph struggled to defend himself from Walmart's false charges, prosecutors sought conviction for attempted robbery, a third-degree felony, with a 2-10 year prison sentence and $10,000 fine. *See* Texas Penal Code §29.02 and §12.34. Accordingly, Walmart sought to have Mr. Joseph sent to prison for some period of years and ruin his life. Convicted felons spend the rest of their lives having trouble finding employment and being treated poorly because of their lack of employment options. Any jury will be able to imagine the horror that Mr. Joseph and his family went through.

4.14 Mr. Joseph fought to prove his innocence. Although Walmart had accused him of a serious felony, Walmart failed to provide evidence against him. No video of his time in the store was ever provided. Although pictures had been provided to police, they were not provided to Mr. Joseph or his attorney until the day of the trial.

4.15 Trial was set for June 4, 2019, over eight months after the initial arrest. Walmart

5

continued its prosecution during this time. Anyone reviewing evidence from Walmart would have known that in-store video did not corroborate the robbery charge. By continuing to prosecute an innocent man, Walmart decided to take the risk that Mr. Joseph would enter a guilty plea for reduced jail time less than the years he was facing. Walmart's gamble failed, because Mr. Joseph would not surrender his liberty without a trial.

4.16   At trial, it was admitted that Walmart did not have any witness to testify and that the pictures did not show anything other than Mr. Joseph walking in the store. Accordingly, all charges were dismissed.

4.17   Walmart's managers used false criminal charges as a way to control Mr. Joseph and to prevent him from returning to work at their store where he was otherwise qualified to work and probably would have been re-hired to work. Their grievance was him being exceptional and working dayshifts, not any actual robbery.

4.18   Walmart's story against Mr. Joseph is clear nonsense. A young father with a wife and baby would not endanger his liberty by stuffing his pockets with six boxes Christmas lights in mid-October along with a tube of toothpaste and passing through the checkout line in front of people he knew. If he had, it would be on video. Boxes of Christmas lights are not small, and stuffing six boxes into his pants, along with toothpaste, would have been very conspicuous and show up on video surveillance.

4.19   Walmart is responsible for the malicious prosecution by its manager Janine Vavrecka, its loss prevention manager Ms. White, and for its continued criminal prosecution of Mr. Joseph after any reasonable person reviewing the evidence would know the charges were false.

4.20   To this day, no tangible evidence supporting a charge of armed robbery or

attempted robbery has ever been provided. Likewise, no evidence of a weapon on Mr. Joseph's person at the Walmart has ever been provided.

### V. Causes of Action –Malicious Prosecution

5.01   Plaintiff incorporates the preceding paragraphs as if fully stated herein.

5.02   To prevail on a claim of malicious prosecution, a plaintiff must establish the following:

> (1) commencement of a criminal prosecution against the plaintiff;
>
> (2) causation (initiation or procurement) of the action by the defendant;
>
> (3) termination of the prosecution in the plaintiff's favor;
>
> (4) the plaintiff's innocence;
>
> (5) the absence of probable cause for the proceedings;
>
> (6) malice in filing the charge; and
>
> (7) damage to the plaintiff.

*J.C. Penney Co., Inc. v. Ruth*, 982 S.W.2d 586, 588 (Tex. App.—Texarkana 1998, no pet.). Malice is met by evidence of reckless disregard. *Lloyd v Myers*, 586 S.W.2d 222 (Tex. Civ. App.—Waco 1979). Other courts have clarified, "To establish malice, it is not necessary to prove that the defendant acted with personal spite or ill will; it is sufficient to show the defendant committed wrongful acts in reckless disregard of another's rights and with indifference as to whether the party would be injured." *Alamo Country Club Owners Ass'n v. Shelton*, 2012 Tex. App. LEXIS 7457, *31, (Tex. App.—Corpus Christi 2012), citing *Luce v. Interstate Adjusters, Inc.*, 26 S.W.3d 561, 566 (Tex. App.—Dallas 2000, no pet.); *accord Gren Indus., Inc. v. Brown*, 2001 Tex. App. LEXIS 1190, *15-16 (Tex. App.--Dallas 2001). "This element of malice may be inferred from a lack of

7

probable cause." *Luce*, 26 S.W.3d at 566. Moreover, "[m]alice may be established by either direct or circumstantial evidence." *Id*.

5.03   Each of the elements is met in this case. The Investigation Report and Robbery Report show that the manager who did not like Mr. Joseph was involved in reporting a robbery that did not occur. Accordingly, Walmart commenced and procured criminal prosecution by providing false information. The case disposition shows that Mr. Joseph prevailed on all issues. No evidence of probable cause against Mr. Joseph was ever provided.

5.04   Specifically, Vavrecka and White commenced a criminal prosecution against Mr. Joseph by making false statements to the police. Their false statements caused Mr. Joseph to be arrested for a felony charge of aggravated robbery. Neither Vavrecka or White had probable cause to believe that Mr. Joseph committed a robbery or theft of the kind described. Their lies are clearly false as demonstrated by the failure to produce any tangible evidence, such as surveillance video. Vavrecka or White told these lies maliciously, knowing that their lies would have Plaintiff prosecuted. Plaintiff spent time in jail, had to pay for a $20,000 bond, paid attorneys' fees, and spent eight-and-a-half months fighting for his liberty while Walmart attempted to take his life away by abuse of the criminal justice system. Mr. Joseph was charged with a serious felony and had to live with the real danger that he would be convicted based on false testimony of two witnesses, and then spend years in prison while his son grew up without him, and then being branded a felon with reduced opportunities to have a career.

5.05   Walmart's actual motivation was malice against Mr. Joseph. There was a history of Walmart's manager Janine Vavrecka acting with animosity and hatred against Mr. Joseph, and Janine Vavrecka's name is written on the Investigation Report. Moreover, Walmart's actions of

destroying or hiding video while seeking to imprison Mr. Joseph were taken in reckless disregard to his right of liberty.

### VI. Cause of Action - Negligent Supervision and Training

6.01    Plaintiff incorporates the preceding paragraphs as if fully stated herein.

6.02    Texas recognizes a cause of action for negligent hiring, as well as for negligent training, retention, and supervision. *See, e.g., Black v. Smith Protective Servs.* 1026 Tex. App. LEXIS 10475; 2016 WL 5400565 (Tex. App.—Houston [1st Dist.] 2016) (no pet.) (summary judgment reversed when company knew about prior false reports to police by security guard and did not take adequate action). An employer owes a duty to its other employees and to the general public to ascertain the qualifications and competence of the employees it hires. *See Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth, [2nd Dist.] 2002). "Therefore, an employer is liable for negligent hiring, retention, or supervision if it hires an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Id.* "[T]he employer is liable if its negligence in hiring or retaining the unfit employee was a proximate cause of the plaintiff's injuries." *Id.* Texas also recognizes negligent hiring for failing to background check an armed security guard. *Estate of Arrington v Fields*, 578 S.W.2d 173 (Tex. App.-Tyler 1979). Accordingly, an employer owing a duty to the public may be liable for negligent hiring, supervising, training, or retaining when:

   (1)    the employer did not use ordinary care in hiring, supervising, training, or retaining an employee; and

   (2)    the employer's failure to use ordinary care proximately caused injury to

9

Plaintiff.

*See Morris*, 78 S.W.3d at 49.

6.03   In this case, Walmart failed to supervise its managers after they made a false police report. Walmart should have reviewed the case and found that surveillance video did not show any robbery or theft. Rather than contact prosecutors and ask that charges be dismissed, Walmart continued pressing felony charges for robbery against Mr. Joseph. If Walmart did have anyone supervising whether police reports were backed by evidence, that person was either not properly trained in producing evidence or making sure innocent persons were not prosecuted, or else that person did not provide adequate supervision and made the malicious choice to gamble that Mr. Joseph would take a plea deal to avoid liability. Destroying or failing to produce evidence that would have exonerated Mr. Joseph constitutes negligent supervision.

## VII. - *Respondeat Superior*

7.01   Plaintiff incorporates the preceding paragraphs as if fully stated herein.

7.02   An employer is liable for his employee's actions under the theory of *respondeat superior* when the employee is in a position to give statements to the police regarding potential crimes committed on the premises. The employees in question are both managers, and Walmart is responsible for their conduct.

7.03   Walmart is liable for the actions of its managers and loss-prevention personnel in initiating the prosecution and its own actions in continuing the prosecution. The law in Texas has been established for more than half a century:

> 'In practically all jurisdictions, the law is now settled that a master is liable for the willful and malicious acts of his servant when done within the scope of his employment. Such acts are imputable to the master, under the doctrine of *respondeat superior*, and in accordance with the general principles that the master

>is liable for any act of the servant done within the scope of his employment, as well as for any act of the servant which, if isolated, would not be imputable to the master, but which is so connected with and immediately grows out of another act of the servant imputable to the master, that both acts are treated as being one indivisible tort, which, for the purposes of the master's liability, takes its color and quality from the earlier act.'

*Houston Transit Co. v. Felder*, 146 Tex. 428, 430, 208 S.W.2d 880, 881 (1948). A corporation is vicariously liable for the actions of its manager done in the course and scope of his employment. *Wal-Mart Stores v. Deggs*, 971 S.W.2d 72, 75 (Tex. App.—Beaumont 1996). The loss prevention personnel's job is to deal with alleged shoplifters and the police. Managers are generally responsible for dealing with customers and alleged shoplifters and the police. *See Knight v. City Streets, L.L.C.*, 167 S.W.3d 580, 583 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

7.04   Here, Janine Vavrecka and Kimberly White were store managers who called the police, made the report, and on information and belief, provided the still images from the surveillance video – but withheld the video – from the police and prosecution. Walmart is liable for their actions.

### VIII. Damages

8.01   Plaintiff incorporates the preceding paragraphs as if fully stated herein.

8.02   Plaintiff is entitled to damages for the following elements of damage:

(1)   mental anguish and suffering - malicious prosecution, jointly and severally;

(2)   damage to reputation - malicious prosecution, jointly and severally;

(3)   attorneys' fees and costs related to the criminal charges, jointly and severally;

(3)   damage to Plaintiff's vehicle, against Texas Professional;

(4)   medical bills, jointly and severally;

11

  (5) mental anguish and suffering - assault by threat of bodily injury, jointly and severally; and

  (6) Punitive damages.

### IX. Jury Demand

9.01 Plaintiff hereby demands a trial by jury and has paid the jury fee at the time of filing

### X. Conclusion and Prayer

10.01 WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant appear and answer the allegations contained in this Petition and upon final hearing, Plaintiff recover judgment of and from Defendant for his damages as described above, and that he recover costs, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, both general and special, at law and at equity to which Plaintiff may show himself justly entitled under all of the attending facts and circumstances.

Respectfully submitted,

**SCHREIBER | KNOCKAERT, PLLC**

*/s/ Erik Knockaert*

Joseph M. Schreiber
Texas Bar No.: 24037449
Erik A. Knockaert
Texas Bar No.: 24036921
701 North Post Oak, Suite 325
Houston, TX 77024
Phone (281) 949-8904
Fax (281) 949-8914
joe@lawdoneright.net
erik@lawdoneright.net

**ATTORNEYS FOR PLAINTIFF**

13